Benjamin F. Nolan, J.
After a nonjury trial, this court rendered a written opinion, dated July 3, 1975, holding that Goodie Brand Packing Corp. was a tenant continuing in possession after the expiration of its term without the permission of the landlord, Arol Development Corp.; and, that, Arol was entitled to a judgment of possession with a stay through August 31, 1975. No amount for use and occupancy was set by the court in its said opinion. On July 1, 1975, tenant Goodie mailed a check to Arol for the July rent which Arol accepted. Earlier, tenant Goodie had tendered the June rent but Arol rejected it. By order to show cause, dated July 11, 1975, which among other things stayed entry of judgment herein, Goodie brought on this motion to dismiss the petition on the grounds "that the acceptance of rent from a commercial tenant after commencement of the Summary Proceeding but prior to entry of judgment constitutes a nullification by (Arol) of its intent to terminate the tenancy of (Goodie).” Arol has opposed the motion and has cross-moved to have use and occupancy set and to have any stay conditioned upon payment of such use and occupancy.
Determination of this motion turns upon an interpretation of subdivision 1 of section 711 of the Real Property Actions and Proceedings Law, pertinent portions of which are as follows:
”A special proceeding may be maintained under this article upon the following grounds:
"1. The tenant continues in possession of any portion of the premises after the expiration of his term, without the permission of the landlord. * * * Acceptance of rent after commencement of the special proceeding upon this ground shall not terminate such proceeding nor affect any award of possession to the landlord.”
Arol contends that the second sentence of said subdivision 1 of section 711 of the Real Property Actions and Proceedings Law defeats this motion; but, Goodie disagress, arguing that *492 such second sentence is applicable only to residential holdovers and not to commercial holdovers like itself.
This court concludes that the said second sentence of subdivision 1 of section 711 of the Real Property Actions and Proceedings Law, as well as the first sentence thereof — both, apply equally to commercial as well as residential holdovers. It would be illogical to hold that the first sentence applied to a commercial holdover but the second sentence did not. Nor, can anything be found in the section, itself, or in the history of its enactment specifically indicating that any portion of subdivision 1 of section 711 of the Real Property Actions and Proceedings Law does not apply to commercial holdovers. Respondent Goodie’s reliance upn Olivero v Duran (70 Misc 2d 882) appears misplaced. While the Olivero case actually did hold that the second sentence of subdivision 1 of section 711 of the Real Property Actions and Proceedings Law was not applicable to a commercial holdover, the authorities cited in the court’s opinion do not support the proposition that the second sentence of subdivision 1 of section 711 of the Real Property Actions and Proceedings Law is inapplicable to a commercial holdover.
Furthermore, this court finds that the acceptance by Arol of the July rent did not, in and of itself, constitute any change of intent on the part of Arol to terminate Goodie’s tenancy. To the contrary, every aspect of Arol’s conduct reflects a continuing intent to obtain the judgment of possession to which this court had held it is entitled.
Accordingly, respondent Goodie’s motion to dismiss the petition and proceeding herein is denied.
Arol’s cross motion for an order establishing, as a sum for use and occupancy, the amount of $1,217.57 per month, plus $138 per month for security services, for the period commencing June 1, 1975, is granted. The said monthly amounts are the same as those which respondent paid petitioner for rent in the months immediately preceding the institution of this proceeding.
In this court’s opinion of July 3, 1975, a judgment for possession was granted to petitioner Arol with a stay through August 31, 1975. This court now directs that such stay shall be conditioned upon payment by Goodie to Arol of all sums due for rent and occupancy, within 10 days following service upon counsel for respondent Goodie of a copy of the judgment to be entered herein.
*493 Counsel for respondent Goodie requested an extension of said stay through September, 1975, during oral argument of the motion. However, such application was not a part of the relief sought in respondent’s moving papers. A balancing of the needs alleged in support of the said application as against the contention of petitioner that such an extension of the stay through September would impede substantially the timetable for rerental, cause this court to and it does hereby deny such application.